

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

In Re

LaVerne C. Brown

      Debtor(s)

**Case No. 13-24977**

**Chapter 13**

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

LaVerne C. Brown

      Movant(s)

    v.

First Tennessee Bank, National Association

      Respondent

## <u>CONSENT ORDER GRANTING MOTION TO AVOID SECOND DEED OF TRUST LIEN ON 6502 OAK FOREST COURT, HYATTSVILLE, MD 20785</u>

UPON CONSIDERATION of the Debtor's Motion to Determine Secured Status and

Avoid Second Deed of Trust Lien of First Tennessee Bank, National Association, consent having

been given thereto, and it appearing that proper notice has been given, pursuant to 11 U.S.C §506

1

and for the reasons set forth in the case of Johnson v. Asset Management Group, LLC, 226 B.R.

364 (D. MD. 1998), and regarding the real property more fully described as follows:

> BEING KNOWN AND DESIGNATED as Lot Numbered Thirty-two (32) in Block Lettered "B" in the subdivision known as "Plat Two, CHEVERLY OAKS I, Being a resubdivision of part of Cheverly Gardens" as per plat thereof duly recorded among the Land Records of Prince George's County, Maryland in Plat Book N.L.P. 143 at Plat No. 92. The improvements thereon being known as 6502 Oak Forest Court.

it is by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the second Deed of Trust lien presently encumbering 6502 Oak Forest

Court, Hyattsville, Maryland 20785, be and is hereby determined wholly unsecured; and it is

further,

ORDERED, that at such time as a discharge Order is entered pursuant to 11 U.S.C.

§1328(a) in this case, the second Deed of Trust lien on the Debtor's real property located at 6502

Oak Forest Court, Hyattsville, Maryland 20785, and recorded in the Land Records of Prince

George's County at Liber 20425, folio 170, *et seq.*, shall be void; and it is further

ORDERED, that if the case is dismissed or converted without completion of the plan,

such lien shall be retained by the secured creditor to the extent recognized by applicable non-

bankruptcy law; and it is further

ORDERED, that any timely-filed claim of the Respondent made herein shall be allowed

as a general unsecured claim under the Debtor's plan.


Respectfully submitted,                    Seen and agreed by:

/s/ *Michael A. Ostroff*                    /s/ *Kevin Feig*
Michael A. Ostroff, Esq.  No. 17803          Kevin Feig, Esq., No. 15202
Montero Law Group, LLC                       BWW Law Group, LLC
1738 Elton Road, Suite 105                   4520 East West Highway, Suite 200

Silver Spring, MD 20903                     Bethesda, Maryland 20814
*Debtors' Counsel*                          *Respondent's Counsel*

I HEREBY CERTIFY that the terms of the copy of the foregoing are identical to those set forth

in the original Motion and Order, and that the signatures represented by the  _/s/___  on this copy

represent the signatures on the original or the written authorization obtained by email, fax or

other.


                                        _/s/ *Michael A. Ostroff*_____
                                        Michael A. Ostroff, Esq.


cc:
Debtor(s)
Debtor(s)'s Counsel – Michael A. Ostroff, Esq.
Chapter 13 Trustee
Respondent – First Tennessee Bank
Respondent's Counsel – Kevin Feig, Esq.

**END OF ORDER**